UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
LG FUNDING, LLC,

              Plaintiff,

- against -

FLORIDA TILT, INC. and RAYMOND
CARTAYA,

              Defendants.
--------------------------------------------------X

**MEMORANDUM & ORDER**

15−CV−631 (PKC) (VMS)

**PAMELA K CHEN, United States District Judge:**

      On February 9, 2015, Plaintiff LG Funding, LLC ("Plaintiff") commenced this action against Defendants Florida Tilt, Inc. ("FTI") and company president Raymond Cartaya ("Cartaya") (together, "Defendants") seeking to collect on its debt under a theory of breach of contract. (Dkt. 1.) Plaintiff also sought attorneys' fees and costs. (*Id.*) Following the stay of this action as to FTI and Cartaya's default, the Court granted Plaintiff's motion for default judgment and attorneys' fees and costs against Cartaya in a Memorandum & Order dated July 15, 2015. *LG Funding, LLC v. Florida Tilt, Inc.*, 15 CV 631, 2015 WL 4390453, at *1 (E.D.N.Y. July 15, 2015). The Court deferred its judgment, however, because of the absence of information necessary to calculate prejudgment interest and reasonable attorneys' fees. *Id.* at *5. On July 21, 2015, in accordance with the Court's Order, Plaintiff submitted supplemental documentation to support its requests for prejudgment interest and attorneys' fees. (Dkt. 15.) For the reasons set forth below, the Court finds that Plaintiff is entitled to $8,280.00 in prejudgment interest and $9,025.00 in attorneys' fees.

## DISCUSSION

### I. Prejudgment interest

The Court determined that Plaintiff is entitled to $93,537.61 in damages, based on Defendants' breach of contract. *LG Funding*, 2015 WL 4390453, at *1. Under New York Law, Plaintiff is also entitled to prejudgment interest on damages from the time of the breach to the date of the Court's decision, at a rate of 9% per annum. *See* N.Y. C.P.L.R. §§ 5001, 5004; *see, e.g.*, *Harkabi v. SanDisk Corp.*, 891 F. Supp. 2d 527, 547 (S.D.N.Y. 2012) (New York law requires breach of contract damages to include prejudgment interest at the statutorily prescribed rate). Prejudgment interest is computed from the date of breach. *See* N.Y. C.P.L.R. § 5001 ("Interest shall be computed from the earliest ascertainable date the cause of action existed."); *Santillan v. Henao*, 822 F. Supp. 2d 284, 298 (E.D.N.Y. 2011) (district courts have broad discretion under New York law to determine from what date to compute prejudgment interest).

According to Plaintiff's newly submitted documentation, Defendants breached on July 28, 2014. Defendants' attorney sent a letter to Plaintiff, stating that FTI was "unable to make the payments to fulfill the requirements of the loan terms." (Dkt. 15−1 at 1.) Thereafter Plaintiff never received any more payments from Defendants. (Dkt. 15 at 1.) As 359 days elapsed from the time Defendants breached their contract until the Court's July 15, 2015 Order, at an annual rate of 9% on Plaintiff's damages, Plaintiff is entitled to $8,280.00 in prejudgment interest.[1]

### II. Attorneys' Fees

The Court previously decided that Plaintiff is entitled to attorneys' fees, in accordance with the contract with Defendants and New York state law. *LG Funding*, 2015 WL 4390453, at *4−5. Plaintiff seeks attorneys' fees in the amount of 20% of judgment, pursuant to Plaintiff's

---

[1] For clarity, the Court includes the following calculation: $93,537.61 [Principal] x 0.09 [simple interest rate] x 359/365 [time] = $8,280.00.

contingency fee agreement, or in the alternative, $13,048.76, calculated from contemporaneous time records of the work expended by Plaintiff's attorneys. (Dkt. 15.)

### A. Legal Standard

In the Second Circuit, a "presumptively reasonable fee" must be calculated using the "lodestar," *i.e.*, multiplication of a reasonable hourly rate by the reasonable number of hours required by the case. *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014); *Millea v. Metro-N. R.R.*, 658 F.3d 154, 166 (2d Cir. 2011). District courts have broad discretion, using "their experience with the case, as well as their experience with the practice of law, to assess the reasonableness" of each component of a fee award. *Fox Indus., Inc. v. Gurovich*, 03 CV 5166, 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (quoting *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)). Reasonable hourly rates are informed in part by the rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11(1984)). A district court should "bear in mind all of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of [attorneys'] fees in setting a reasonable hourly rate." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008) (emphasis omitted). A "presumptively reasonable fee boils down to 'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quoting *Arbor Hill*, 522 F.3d at 112, 118).

A fee applicant bears the burden of demonstrating the hours expended and the nature of the work performed through contemporaneous time records that describe with specificity the

nature of the work done, the hours, and the dates. *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). The absence of contemporaneous records precludes any fee award in all but the most extraordinary of circumstances. *Scott v. City of New York*, 626 F.3d 130, 133–34 (2d Cir. 2010). If a court finds that claimed hours are "excessive, redundant, or otherwise unnecessary," it should exclude those hours in calculating a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 426 n.6 (2d Cir. 1999). Likewise, if claimed hours are insufficiently documented, "the court may decrease the award, either by eliminating compensation for unreasonable hours or by making across-the-board percentage cuts in the total hours for which reimbursement is sought." *Wise v. Kelly*, 620 F. Supp. 2d 435, 442 (S.D.N.Y. 2008) (citing *Hensley*, 461 U.S. at 434; *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998); *N.Y. State Ass'n for Retarded Children*, 711 F.2d at 1146).

    **B.**    **Reasonableness of Hourly Rates**

Plaintiff has been represented by two attorneys in this case, Alan J. Sasson ("Sasson"), managing partner of the Law Office of Alan J. Sasson, P.C., and Yitzchak Zelman ("Zelman"), an associate of the same. (Dkt. 15.) Plaintiff requests that Sasson be compensated at a rate of $350 per hour and Zelman at $300 per hour. (Dkt. 15−2.) Sasson has been licensed to practice in New York since 2010, and has practiced credit and collection law in both federal and New York state courts. (Dkt. 15 at 2.) Zelman has been licensed to practice law since 2012 in New Jersey, and has been licensed in New York since 2013. (Dkt. 13−1 ¶ 2.) Zelman has primarily practiced credit and collection law over the course of his career, but has also practiced consumer law on occasion. (*Id.* ¶ 3.)

Plaintiff's attorneys have relatively few years of experience, though they are career credit and collection lawyers. Sasson has been practicing law for five years, and Zelman for only three.

4

(Dkt. 15 at 2; Dkt. 13−1 ¶ 2.) Courts in this Circuit keep to the rule that a reasonable rate of compensation must be pinned to the generally prevailing rates of the district in which the court sits. *See Ferrara v. Pomarc Industries, Inc.*, 11 CV 1856, 2013 WL3990746, *5 (E.D.N.Y. Aug. 5, 2013) (citing *Arbor Hill*, 522 F.3d at 190–91). Plaintiff's requested rates are excessive, given Plaintiff's attorneys' lack of experience. In this district, more experienced attorneys, typically partners with upwards of ten years' experience, are approved for rates of $300 per hour and above. *See Konits v. Karahalis*, 409 F. App'x 418, 422 (2d Cir. 2011) (affirming the district court's opinion that prevailing rates for experienced partners range from $300 to $400 per hour). Partners with fewer years of experience, like Sasson, may have rates approved as low as $200 per hour. *See, e.g.*, *Trs. of the Local 813 I.B.T. Ins. Trust Fund v. Sprint Recycling, Inc.*, 09 CV 4435, 2010 WL 3613839, at *4 (E.D.N.Y. Aug. 6, 2010) (noting that "[i]n the Eastern District of New York, reasonable hourly rates for attorneys have ranged from $200 to $350 an hour for partners" and relying on attorney's ten years of specialized experience to grant a $300 per hour rate); *Melnick v. Press*, 06 CV 6686, 2009 WL 2824586, at *9 (E.D.N.Y. Aug. 28, 2009) (collecting cases, adopting the conclusion that in this district "the range of appropriate billing rates is $200–$375 for partners"). Courts in this district typically approve rates for associates between $100 and $295 per hour, with the variance based on experience. *Penberg v. HealthBridge Mgmt.*, 08 CV 1534, 2011 WL 1100103, at *6 (E.D.N.Y. Mar. 22, 2011) (collecting cases); *see also Barbera v. VLF11 Mgmt. Corp.*, 08 CV 2615, 2012 WL 1576109, at *8 (E.D.N.Y. Apr. 3, 2012) (determining that $215 per hour for sixth-year associate with three years' relevant experience is reasonable), *report and recommendation adopted*, 2012 WL 1576114 (E.D.N.Y. May 4, 2012); *Crapanzano v. Nations Recovery Ctr., Inc.*, 11 CV 1008, 2011 WL 2847448, at *2 (E.D.N.Y. June 29, 2011) (noting that hourly rates of $200−$250 are

reasonable for senior associates with four or more years of experience, and $100 to $150 for junior associates with one to three years of experience), *report and recommendation adopted*, 11 CV 1008, 2011 WL 2837415 (E.D.N.Y. July 15, 2011).

Keeping in mind case-specific variables in accordance with *Arbor Hill* standards, the Court finds that this case is not unusually complex and, as a default judgment, did not demand great resources from Plaintiff's attorneys. *See Friedman v. Sharinn & Lipshie, P.C.*, 12 CV 3452, 2013 WL 1873302, at *10 (E.D.N.Y. Mar. 28, 2013) (adjusting rate downward to $275 per hour for a named partner who practiced for over 30 years, noting that the requested $400 rate was "somewhat inflated" for a "relatively straightforward" default judgment, given the less intensive work required), *report and recommendation adopted*, 2013 WL 1869924 (E.D.N.Y. May 3, 2013); *Gen. Elec. Capital Corp., LLC v. G. Howard Assocs., Inc.*, 09 CV 3923, 2010 WL 2346296, at *7 (E.D.N.Y. May 18, 2010) (finding that the time and labor required are minimal in "straightforward" default judgment cases), *report and recommendation adopted*, 09 CV 3923, 2010 WL 2348640 (E.D.N.Y. June 9, 2010).

Accordingly, the Court, in its discretion, has reduced the hourly rate for Plaintiff's attorneys to $250 per hour for Sasson, as a partner, and $200 per hour for Zelman, an associate.

### C. Reasonableness of Hours Billed

Plaintiff has submitted records documenting in detail 42.5[2] hours of work expended by Plaintiff's attorneys and legal staff, reflecting 14.9 hours billed by Sasson and 26.5 hours billed by Zelman. (Dkt. 15−2.) Plaintiff has met its burden to demonstrate the work done by Plaintiff's attorneys, as the time records submitted describe with specificity the work done in 0.1 hour increments. (*See id.*) Nearly all the entries describe reasonable legal work done in

---

[2] The Court derived the total hours, which differs from Plaintiff's calculation of 41.7 total hours, by adding the time entries in Plaintiff's submission. (*See* Dkt. 15−2.)

reasonable time by attorneys Sasson and Zelman. The tasks undertaken by Sasson and Zelman are non-duplicative and non-excessive. Plaintiff's attorneys occasionally engage in block billing, which is the practice of listing numerous tasks under one entry in order to bill for them all collectively. Though the courts usually frown on this, the practice is not prohibited. *See Linde v. Arab Bank, PLC*, 293 F.R.D. 138, 142−43 (E.D.N.Y. 2013). In this case, because the descriptions of the block-billed tasks are clear and do not prevent the Court from assessing the reasonableness of the time taken to complete the tasks, the Court will not reduce the hours billed based on block billing. Accordingly, the Court will rely on the time records supplied by Plaintiff's counsel.

However, the time records include two entries describing work done by an individual identified only as "SG," entailing 1.1 hours to be compensated at $125 per hour. (Dkt. 15−2 at 1–2.) SG might be either a paralegal or an entry level associate, but the documentation is unclear. The work is listed as printing, scanning, and filing documents, none of which is legal work that can be compensated as part of attorneys' fees. Rather, this clerical work is part of a law firm's overhead and should not be charged to clients, except as part of the regular attorneys' fee. *G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 2d 415, 439 (S.D.N.Y. 2012); *see also Dotson v. City of Syracuse,* 04 CV 1388, 2011 WL 817499, at *26 (N.D.N.Y. Mar. 2, 2011) (determining that clerical tasks such as organizing case files and preparing documents for mailing are not compensable); *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 540 (S.D.N.Y. 2008) (noting that "under fee-shifting statutes, attorneys may not be compensated at their regular rate for time spent performing clerical tasks," and if the task is typically considered part of overhead, it should not be compensated at all). The Court is eliminating compensation for this work as being both insufficiently documented and seemingly inappropriately billed

overhead. *See Wise*, 620 F. Supp. 2d at 442 (noting that courts may delete elements of an award on the basis of insufficient documentation or vague billing). This leaves 41.4 hours to be compensated for this case, a reasonable amount of time for a default judgment. *See Gen. Elec. Capital Corp.*, 2010 WL 2346296, at *7 (reducing total hours billed from 60.2 to 39.5 hours for the award of attorneys' fees, based on the case being a default judgment).

With Plaintiff's attorneys' hours thus adjusted, Plaintiff is entitled to $9,025.00 in attorneys' fees according to the lodestar calculation. Given that a 20% contingency award in the amount of $18,707.52 is more than double the lodestar, the Court finds that a percentage award would be excessive, and the Court instead adopts the presumptively reasonable lodestar amount as Plaintiff's award.

## CONCLUSION

Accordingly, the Court finds that Plaintiff is entitled to prejudgment interest in the amount of $8,280.00 and attorneys' fees in the amount of $9,025.00. Adding to the $93,537.61 awarded against Cartaya for breach of contract and $1,012.65 for court costs already granted to Plaintiff, the Court grants Plaintiff a total award of $111,855.26. The Clerk of Court is respectfully directed to enter judgment against Cartaya for $111,855.26.

SO ORDERED.

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: August 26, 2015
      Brooklyn, New York